LEGAL OBJECTIVE
Michael T. Pines, SBN 77771
*mpines@legalobjective.com*
Christian McLaughlin, SBN 250885
*Chris@legalobjective.com*
732 North Coast Highway 101, Suite B
Encinitas, CA 92024
Telephone:  (760) 431-2200
Facsimile:  (760) 431-2244

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTERO FAMILY TRUST, GEORGE HANNIBAL QUINTERO & CELIA G. QUINTERO; As Trustees; GEORGE HANNIBAL QUINTERO; an individual; CELIA G. QUINTERO, an individual, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>ONEWEST BANK, F.S.B. AS SUCCESSOR TO INDYMAC BANK, F.S.B., a Federally Chartered Savings and Loan Association; INDYMAC BANCORP, INC., a California corporation; INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B.; QUALITY LOAN SERVICE CORP., a California Corporation; CLARION MORTGAGE CAPITAL, INC., a Colorado Corporation; BILL LANEY, an individual; BREAKTHROUGH MARKETING, INC., a California corporation doing business as HOME ASSET MORTGAGE, <br><br>　　　　Defendants. | Case No. 09CV1561 IEG AJB <br><br>**PLAINTIFFS' REPLY BRIEF RE *EX PARTE* APPLICATION FOR EXPEDITED LIMITED DISCOVERY** <br><br>Hon. Anthony J. Battaglia |

## I.

## <u>INTRODUCTION</u>

Defendants implicitly concede that they have sold the loan and assigned the promissory note. They also concede they have no idea how much is owed on the subject loan at any given point in

time and that no proper loan modification attempt was made. Worse, they continue to attempt to conceal the facts and employ tactics amounting to fraud so they can literally steal Plaintiffs' home.

As one bankruptcy judge put it:

*"It is the creditor's responsibility to keep a borrower and the Court informed as to who owns the note and mortgage and is servicing the loan, not the borrower's or the Court's responsibility to ferret out the truth."*

*"It is worth repeating as a warning to lenders and servicers that the rules of this Court apply to them. Their private agreements and the frenzied trading market for mortgages do not excuse compliance with the Bankruptcy Rules any more than they would justify ignoring the Bankruptcy Code."*

(*In re Nosek,* 406 B.R. 434, 440 (D. Mass 2009) bankruptcy trial court decision; *see,* Exhibit court decisions filed with Declaration in Support of Motion for Continuance of Motion to Dismiss.)

On appeal, in reporting the attorneys involved to the respective state bars, when counsel took similar positions and had attempted to conceal the current owner of the promissory note and loan:

*"After 43 years at the bar, the saddest thing about this case is the conduct of the lawyers-all the lawyers. A careful reading of the briefs in this case reveals only a single recognition that counsel did anything amiss in their misrepresentations to the Bankruptcy Court. There's blame aplenty, of course, each one blaming everyone else-including the hapless bankrupt homeowner. Only once, at the very end of the Buchalter brief, looking back at the wreck of America's economy, does its counsel admit "In 2002, Buchalter could have-and perhaps ....should have-identified Ameriquest in the proofs of claim." Buchalter Mem. at 20 [Doc. No. 16].*

*How is it that our profession, the legal profession-which could have and should have strongly counseled against the self interested excesses that set up the collapse-instead*

> *has eagerly aided and abetted those very excesses? How could we (all of us who profess to be lawyers) have fallen so low?"*

*In re Nosek,* 406 B.R. 434, 440 (D. Mass 2009).

## II.

## FACTS IMPLIED FROM DEFENDANTS' OPPOSITION AND ARGUMENT THEREON

Defendant OneWest essentially admits that its predecessor IndyMac sold the loan and was paid in full. It attempts to conceal who the buyer(s) are; arguably, the only ones legally entitled to collect, and as a legal and practical matter the real party in interest. The process by which this occurred is such common knowledge the court acknowledged it without any proof in *In Re Hwang,* 396 B.R. 757, 761 (Bankr. C.D. Cal. 2008) (noting that 85% of mortgages in this time frame were securitized and IndyMac, in particular, sold its notes).

It is beyond dispute that there are two important documents in any real estate transaction. These two documents are the promissory note, which is the evidence of indebtedness, and the trust deed. Whether one can foreclose after having sold all interest in a loan, been paid in full, and assigned the promissory note, may be a question that ultimately will have to be resolved in dispositive motions or trial. However, first, Plaintiffs are entitled to at least fully plead their case and include all interested parties. One would think that the parties to whom the loan was sold and note was assigned would be interested to find out what may happen to ***their*** money, if a foreclosure is allowed and the real estate sold.

Defendants claim Plaintiffs are trying to have the court make final determination. We are not; Plaintiffs are requesting information in discovery solely in possession of the Defendants and, of course, in discovery the scope of what can be obtained is very broad. All Plaintiffs are asking is to be able to get information that was required to be provided by statute already. Defendants, of course, would prefer the court decide the case solely on their motions to dismiss based on only the facts Plaintiff could find on their own and by committing fraudulent concealment on the parties and the court.

In fact, Defendants claim that they do not have to produce the note when foreclosing is directly contrary to California law:

> (b) (1) A beneficiary, or his or her authorized agent, shall, within 21 days of the receipt of a written demand by an entitled person or his or her authorized agent, prepare and deliver to the person demanding it a true, correct, and **complete copy of the note or other evidence of indebtedness with any modification thereto**, and a beneficiary statement. Cal. Civ. Code §2943(b)(1).

Of course, if the note was assigned, this is a "modification."

Defendants cite cases that hold that Defendants need not possess the note to <u>commence</u> a foreclosure procedure. But that is neither the test for discoverability nor ultimately will it be the test for who should be parties to this case. The loan document is critical in terms of who the real parties in interest are for the ultimate disposition of the case, not necessarily for the commencement of a foreclosure. Not only is the current holder of the note a critical party to these proceedings, that is exactly what the *In re Hwang*, 396 BR 757, 767 (Bankr. C.D. Cal. (2008) and *In re Nosek*, 386 P.R. 374 (Bankr. D. Mass 2008), *affirmed in part, reversed in part*, 406 BR 434 (D. Mass 2009) (cited in the moving papers) held. Defendants improperly attempt to conceal the current holder of the note in contravention of state and substantive law (Cal. Civ. Code § 2943(b)(1) and federal precedent).

Moreover, in their Motions to Dismiss, Defendants are seeking to hold Plaintiffs to a heightened standard of pleading. At the same time they seek to bar these elderly Plaintiffs from easy access to sources of information which would help them hone their Complaint. Again, the burden on Defendants is minimal (they clearly have already reviewed their files), the benefit to Plaintiffs and the court system is significant. This Court should grant the request for expedited discovery. If a discovery battle is to be waged over the issue of the mortgage loan files, best to get it resolved now; nothing is gained by waiting.

Defendants argue that irregularities in the documents that they have put into issue do not warrant discovery. But those irregularities establish something is wrong. As the *In re Hwang* court noted, IndyMac sold virtually all of the mortgages that it made and hence has no interest in the proceeds. They have been paid for the note. They have no business pursuing Plaintiffs here. The note holder, the real party in interest, should be before this Court.

Moreover, resolution of the case will be facilitated by having true parties in interest before this Court. Discovery for such purpose is explicitly contemplated by the Federal Rules of Civil Procedure. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34, 104 S. Ct. 2199, 2208 (1984) ("liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes"); *Ivy v. Outback Steakhouse, Inc.* 2007 WL 1655115 at 1 (W.D. Wash. June 5, 2007) ("in order to reduce the element of surprise and facilitate settlement, courts liberally construe pretrial discovery"); *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 286 (C.D. Cal. 1998) ("one of the purposes behind the broad federal discovery rules is to facilitate settlement…").

Defendants searched through the loan file and have attempted to put before the court those documents helpful to it. Yet it denies Plaintiffs the opportunity to review those same loan files and question the same employees to ascertain what would be helpful for them and for the court. The Doctrine of Completion and Rule 106 of the Federal Rules of Evidence preclude this gamesmanship. It is a fundamental tenant of American jurisprudence that litigants are entitled to a level playing field. *See, e.g, Jung v. Neschis* 2009 WL 762835 at 13-14 (S.D.N.Y. 2009); *Patsy's Italian Restaurant, Inc. v. Banas,* 2007 WL 174131 at 3 (E.D.N.Y 2007) ("the court wants to insure that a 'level playing field' exists among the parties. Therefore records in Plaintiffs' possession relating to such cancellation proceedings may be obtained by Defendants through discovery…").

### III.

### CONCLUSION

Defendants have already victimized these elderly Plaintiffs by putting them into a predatory loan and engaging in financial elder abuse in doing so. Now they seek to compound that wrong by denying them their day in court. There are two critical documents in a mortgage loan: The deed of trust and the loan itself. Defendants have those documents and the chain of title relating thereto. Plaintiffs do not. What happened to the loan is a critical issue that may shortcut much of this case. The benefit/burden of having Defendants produce discovery relating to critical documents clearly mandates discovery.

Allowing Defendants to hide important and pertinent information just because the case is at an early stage (while they use the information to attempt to dispose of the case on motion) does not comport with the primary directive of Rule 1 of the Federal Rules of Civil Procedure - that the rules "should be construed and administered to secure <u>the just</u>, speedy, and inexpensive determination of every action and proceeding." It is respectfully requested that expedited discovery as requested be permitted.

Respectfully submitted,

Dated:   October 11, 2009        **LEGAL OBJECTIVE**

By: _____
Michael T. Pines
Christian McLaughlin
Attorneys for Plaintiffs