cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTERO FAMILY TRUST, GEORGE HANNIBAL QUINTERO & CELIA G. QUINTERO; As Trustees; GEORGE HANNIBAL QUINTERO; an individual; CELIA G. QUINTERO, an individual,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>ONEWEST BANK, F.S.B. as successor to INDYMAC BANK, F.S.B., a Federally Chartered Savings and Loan Association; IDNYMAC BANKCORP, INC., a California corporation; INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B.; QUALITY LOAN SERVICE CORP., a California corporation; CLARION MORTGAGE CAPITAL, INC., a Colorado corporation; BILL LANEY, an individual; BREAKTHROUGH MARKETING, INC., a California corporation d/b/a HOME ASSET MORTGAGE,,<br><br>　　　　　　　Defendants. | Civil No. 09cv1561 IEG (AJB)<br><br>Order on Ex Parte Application for Expedited Discovery<br>[Doc. No. 15] |

On October 6, 2009, the Plaintiffs' filed an ex parte application for expedited discovery. On October 8, 2009, the Defendants filed an opposition to the ex parte application for expedited discovery.

### ***Background***

This is a case involving allegations of predatory lending and financial elder abuse. The Plaintiffs' filed their complaint on July 17, 2009 and then a First Amended Complaint ("FAC") on

1

August 20, 2009. Defendant, One West Bank, filed a motion to dismiss the FAC on September 14, 2009. Defendant, Clarion Mortgage Capital, Inc., filed a motion to dismiss the FAC on September 25, 2009. On October 1, 2009, the Court granted the Plaintiff's ex parte request to coordinate and consolidate the hearings on the motions to dismiss, and reset the hearing date for both motions for December 7, 2009 and required Plaintiffs's opposition to both motions be filed on or before November 16, 2009.

### *Discussion*

The Plaintiffs' seek limited discovery on three issues: 1) the history and current status of any assignments of the promissary note, including who the current holder of the note may be and to receive a full accounting on the subject loan; 2) facts concerning any assignment of the trust deed; and 3) facts related to the sworn declaration filed by Quality Loan Service Corporation (hereinafter "Quality"). The Plaintiffs' also seek an expedited 30(b)(6) deposition requiring that documents be produced therewith from each of the Defendants and to depose D. Mcalylor, authorized agent for Quality concerning the declaration stating that reasonable efforts at a loan modification were undertaken.

Alternatively, the Defendants contend that no discovery is warranted prior to the Court ruling on the pending motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants argue that the Plaintiffs' request for discovery is nothing more that an attempt to burden Defendants and conduct a fishing expedition into Defendants' records in an attempt to uncover additional claims that can be asserted.

The Federal Rules of Civil Procedure provide that generally a party may not initiate discovery before the parties have met and conferred pursuant to Rule 26(f). See Fed. R. Civ. Pro. 26(f). However, Rule 26(d) provides that a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. Pro. 26(d). A court may grant a request to take discovery prior to the parties' meeting under Rule 26(f) where the requesting party demonstrates good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal.2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

1    The Plaintiffs' argue that the allegations of predatory lending and financial elder abuse in conjunction with the fact that the Plaintiffs are very senior and suffering from age-related infirmities necessitate the requested expedited discovery because: 1) Plaintiffs are having difficulties procuring all of the necessary information to meet the pleading requirements in this predatory lending case, particularly in light of the allegations of fraud; 2) the Defendants have failed to fully respond to the Qualified Written Requests ("QWRs") of the Plaintiffs as authorized by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e); and 3) the discovery sought will allow the Plaintiffs to more fully respond to the pending motions to dismiss.

   The Plaintiffs' request for expedited discovery and disclosure of the complete mortgage loan files in the Defendants' possession, including but not limited to the promissory note and the trust deed is hereby GRANTED as the Plaintiffs have demonstrated good cause for this request and the interests of justice outweigh any prejudice to the Defendants. Plaintiffs are granted leave, forthwith, to serve requests for production of documents on the Defendants pursuant to Federal Rule of Civil Procedure Rule 34 for the complete mortgage loan files in the Defendants' possession. However, with regard to the Rule 30(b)(6) depositions of each of the Defendants and the deposition of D. Mcalylor, the Court finds that the Plaintiffs have not demonstrated good cause and the Court hereby DENIES Plaintiffs' expedited deposition requests.

   IT IS SO ORDERED.

DATED: October 16, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court