1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   QUINTERO FAMILY TRUST; GEORGE                    CASE NO. 09-CV-1561 - IEG (WVG)
     HANNIBAL QUINTERO & CELIA G.
12   QUINTERO, as Trustees; GEORGE                    ORDER DENYING PLAINTIFFS'
     HANNIBAL QUINTERO, an individual; and            EX PARTE APPLICATION
13   CELIA G. QUINTERO, an individual,
                                                       [Doc. No. 45]
14                                    Plaintiffs,
15          vs.

16   ONEWEST BANK, F.S.B. as successor to
     INDYMAC BANK, F.S.B., a Federally
17   Chartered Savings and Loan Association;
     IDNYMAC BANKCORP, INC., a California
18   corporation; INDYMAC MORTGAGE
     SERVICES, a division of ONEWEST
19   BANK, F.S.B.; QUALITY LOAN SERVICE
     CORP., a California corporation; CLARION
20   MORTGAGE CAPITAL, INC., a Colorado
     corporation; BILL LANEY, an individual;
21   and BREAKTHROUGH MARKETING,
     INC., a California corporation d/b/a HOME
22   ASSET MORTGAGE,

23                                    Defendants.

24

25          Currently before the Court is Plaintiffs' Ex Parte Application, filed on December 9, 2009,

26   seeking another continuance of the hearing on Defendants' Motions to Dismiss and an order for a

27   mandatory settlement conference. [Doc. No. 44]. On December 10, 2009, Defendants OneWest Bank,

28   F.S.B. and Indymac Mortgage Services (collectively, "OneWest") and Clarion Mortgage Capital, Inc.

                                             - 1 -                        09cv1561-IEG (AJB)

("Clarion") filed their oppositions to Plaintiffs' Ex Parte Application. [Doc. Nos. 48, 49]. Having considered the parties' arguments, and for the reasons set forth below, the Court hereby DENIES Plaintiffs' Ex Parte Application.

<strong>BACKGROUND</strong>

The facts of this case are known to the Court and the parties and need not be repeated herein.

**I.      Procedural History**

Plaintiffs commenced the present action on July 17, 2009, and filed a First Amended Complaint on August 20, 2009, alleging fifteen causes of action against Defendants. [Doc. No. 2]. Since then, three Motions to Dismiss have been filed by: (1) OneWest; (2) Clarion; and (3) Bill Laney and Breakthrough Marketing, Inc. [Doc. Nos. 8, 11, 22]. The hearings on these motions were first consolidated and scheduled to be heard on December 7, 2009, and were then rescheduled upon a joint motion for January 12, 2010, at 10:30 a.m. [Doc. Nos. 14, 26]. In the interim, Plaintiffs filed an Ex Parte Application seeking expedited discovery to allow them to respond to the Motions to Dismiss. [Doc. No. 15]. On October 16, 2009, the Court granted in part and denied in part Plaintiffs' Ex Parte Application. [Doc. No. 23]. Specifically, the Court granted Plaintiffs' request for "disclosure of the complete mortgage loan files in the Defendants' possession, including but not limited to the promissory note and the trust deed." (Order on Ex Parte Appl. for Expedited Discovery, at 3.)

On November 12, 2009, Plaintiffs filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, asking the Court to enjoin Defendants from conducting a trustee's sale of the Property, at least until the matter can be considered on the merits. (Pl. P. & A. in support of TRO Motion, at 12.) The Court granted Plaintiffs' motion on the same day, entering a TRO and setting November 25, 2009 as the hearing date on the preliminary injunction. [Doc. No. 33]. On November 25, 2009, after holding a hearing on the preliminary injunction, the Court granted Plaintiffs' request for a preliminary injunction as to all Defendants, except Defendant Clarion. [Doc. No. 43].

On November 20, 2009, Plaintiffs filed a Motion for Sanctions against several Defendants and their respective counsel. [Doc. No. 39]. Subsequently, to promote judicial efficiency and for the parties' convenience, the Court scheduled the hearing on the Motion for Sanctions to be heard on the same day as the three Motions to Dismiss currently pending before the Court. [Doc. No. 41].

1    **II.    Current Ex Parte Application**

2          A.    Plaintiffs' arguments

3          In their Ex Parte Application, Plaintiffs allege that in light of the documents produced by

4    Defendants in the limited discovery, Plaintiffs will now have to "add the real parties in interest

5    previously concealed as new defendants." (Pl. Ex Parte Appl., at 2.) Specifically, Plaintiffs assert that

6    contrary to OneWest counsel's representations at the hearing on the preliminary injunction, OneWest

7    is no longer the owner of the subject loan, and therefore has no ownership interest in it. (Id. at 3-5.)

8    Accordingly, Plaintiffs argue another continuance is necessary because, once the new parties are

9    added as defendants, they will likely bring their own Motions to Dismiss, and therefore it will be

10   judicially beneficial to coordinate those new motions with already pending Motions to Dismiss. (Id.

11   at 5.)

12         Moreover, Plaintiffs assert that at least some of Defendants have expressed an interest in

13   exploring settlement. (Id. at 6.) Thus, Plaintiffs also ask the Court to order a mandatory settlement

14   conference "at least with respect to the parties that are interested in exploring settlement." (Id.)

15         B.    Defendant Clarion's opposition

16         Defendant Clarion opposes Plaintiffs' Ex Parte Application on a number of grounds. First,

17   Clarion asserts that the attorney filing the application on behalf of Plaintiffs, Mr. Pines, is no longer

18   with the firm of Legal Objective but is with the firm of Pines & Associates. (Clarion's Opp., at 7.)

19   According to Clarion, Mr. Pines should be required to submit proof that he is counsel for Plaintiffs

20   before his Ex Parte Application can be considered. (Id.)

21         Second, Clarion argues Plaintiffs have failed to show good cause for the continuance of the

22   hearing on Clarion's Motion to Dismiss. According to Clarion, addition of new defendants is

23   irrelevant as to the consideration of its Motion to Dismiss because Clarion "claims no interest in the

24   loan, the note, the deed of trust, or Plaintiffs' property." (Id. at 8.) Moreover, Clarion asserts that no

25   further continuance should be granted because Plaintiffs have already been given two continuances.

26   (Id.)

27         Clarion also takes issue with Plaintiffs' request that, while the motions to dismiss be continued,

28   their motion for sanctions against some of Defendants and their respective counsel (including Clarion

and its counsel) remain on calendar for January 12, 2010. (Id. at 10.) According to Clarion, it would be improper for the Court to rule on whether the Motions to Dismiss were brought in bad faith before the Court even hears the Motions to Dismiss on their merits. (Id.)

Finally, Clarion asserts that Plaintiffs' request for a mandatory settlement conference is premature because its Motion to Dismiss has yet to be heard and because no discovery has been permitted on the part of Defendants to date. (Id.)

### C.   OneWest's arguments

OneWest similarly opposes Plaintiffs' Ex Parte Application. First, OneWest argues there is no basis for hearing Plaintiffs' application on an expedited basis. According to OneWest, when its counsel contacted Plaintiffs' counsel on December 9, 2009 to "meet and confer," he was advised that "'there was no hurry' and that it could wait until the following week." (Hester Decl., at 2.) Accordingly, seeing as there is no apparent urgency, OneWest asserts there is no reason why the present Ex Parte Application cannot be heard through the normal course. (OneWest Opp., at 3.)

Moreover, OneWest asserts that it is not clear from Plaintiffs' application why the hearing on its Motion to Dismiss should be delayed. Notably, OneWest argues that any allegations of "fraud" do not support further delay in this case. According to OneWest, "[i]f Plaintiffs' positions on the merits of the case [and with regard to fraud] are correct and valid, presumably they would prevail on the Motion to Dismiss." (Id. at 4.) Therefore, OneWest argues that Plaintiffs' allegations of "fraud" are merely an attempt "to paint Defendants as sinister parties." (Id.)

OneWest does concede, however, that the subject deed of trust in this case has already been assigned and recorded with the County Recorder's Office on November 2, 2009, assigning the beneficial interest in the deed of trust to HSBC BANK USA. (Id. at 5.) According to OneWest, this does not change the analysis on its Motion to Dismiss, "and certainly does not rise to fraud."[1] (Id.)

Finally, OneWest indicates that although it is not opposed to settlement discussions, such

---

[1] The Court, however, notes that at the preliminary injunction hearing, which was held on November 25, 2009–three weeks after the purported assignment–counsel for OneWest indicated to the Court that "to his knowledge" OneWest still owned the loan. In light of OneWest's present concession, the Court has some reservations as to the veracity of that statement. The Court, however, leaves the determination of this issue for the hearing on Plaintiffs' Motion for Sanctions. [See Doc. No. 39].

1   discussions appear to be premature in light of their currently pending Motion to Dismiss. (<u>Id.</u> at 6.)

2   Accordingly, OneWest believes that the Court should not order a mandatory settlement conference

3   at this time. (<u>Id.</u>)

## DISCUSSION

### I.   Defendant Clarion's Objections

6          As an initial matter, the Court addresses Defendant Clarion's objections to the propriety of

7   Plaintiffs' Ex Parte Application. Clarion contends that the attorney filing the application on behalf of

8   Plaintiffs, Mr. Pines, is no longer with the firm of Legal Objective but is with the firm of Pines &

9   Associates. (Clarion's Opp., at 7.) According to Clarion, Mr. Pines should be required to submit proof

10  that he is counsel for Plaintiffs before his Ex Parte Application can be considered. (<u>Id.</u>) The Court,

11  however, is not persuaded by this argument. Apart from Clarion's own statements, there is nothing

12  to support this allegation. Mr. Pines is currently the attorney-of-record for Plaintiffs and is presumed

13  to act on their behalf until he withdraws or a substitution of counsel is executed by Plaintiffs. <u>See</u> CIV.

14  L.R. 83.3(g). As the Civil Local Rules provide, until any such withdrawal or substitution is approved

15  by the Court, "the authority of the attorney of record shall continue for all proper purposes." (<u>Id.</u>)

### II.   Request for Continuance

17         The matter of whether to grant a continuance is traditionally within the discretion of the court.

18  <u>Avery v. Alabama</u>, 308 U.S. 444, 446 (1940). Whether a continuance is appropriate is determined

19  based on the particular circumstances present in the case. <u>Ungar v. Sarafite</u>, 376 U.S. 575, 589-90

20  (1964). Accordingly, the court can consider such factors as: (1) the amount of time already allowed

21  for preparation, (2) the likelihood of prejudice from either the grant or denial, (3) either party's role

22  in shortening the effective preparation time, (4) the degree of complexity of the case, and (5) the

23  availability of discovery. <u>See</u> <u>United States v. Bush</u>, 820 F.2d 858, 860 (7th Cir. 1987).

24         In the present case, the Court is convinced that the totality of the above factors weighs against

25  allowing a further continuance in this case. First, the Court notes that Plaintiffs already had sufficient

26  amount of time to prepare their responses to the pending Motions to Dismiss, which were filed on

27  September 14, 2009, September 29, 2009, and October 15, 2009. [Doc. Nos. 8, 11, 22]. Moreover, the

28  Court has already continued the hearing on these motions twice: once at Plaintiffs' request, and once

1   at the joint request of the parties. [Doc. Nos. 14, 26].

2          Second, Plaintiffs fail to indicate exactly what prejudice they would suffer if the continuance

3   is not granted. Their own application, and the declaration of their attorney, indicates that most of the

4   documents that they requested in expedited discovery have now been produced. (<u>See</u> Pl. Ex Parte

5   Appl., at 2; Pines Decl., at 2.) Moreover, as Defendants correctly contend, the mere fact that new

6   parties will be added as defendants does not support further continuing the hearing on *these*

7   Defendants' Motions to Dismiss. In addition, with some of the Motions to Dismiss already pending

8   for couple of months, the Court finds that Defendants will be prejudiced by further delay.

9          Third, the Court believes all of the concerned parties are equally responsible for the delays that

10   have plagued this case. Accordingly, this factor does not weigh in anyone's favor.

11          Finally, although this case raises somewhat complex issues, both factually and legally, as well

12   as serious questions of misconduct, Plaintiffs have already been provided with expedited discovery

13   and sufficient time to help them respond to the pending Motions to Dismiss. Accordingly, this factor

14   also weighs against granting another continuance in the case.

15   **III.      Request for Mandatory Settlement Conference**

16          The Court also finds that a mandatory settlement conference is premature at this stage of the

17   proceedings. The district court possesses ample power to compel participation in a mandatory

18   settlement conference if the circumstances of the case so require. For example, Rule 16(c) provides

19   that "[i]f appropriate, the court may require that a party or its representative be present or reasonably

20   available by other means to consider possible settlement." FED. R. CIV. P. 16(c); <u>see also</u> CIV. L.R.

21   16.3. Moreover, the district courts have inherent power "'to manage their own affairs so as to achieve

22   the orderly and expeditious disposition of cases.'" <u>Hoffman-La Roche Inc. v. Sperling</u>, 493 U.S. 165,

23   172-73 (1989) (quoting <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630-31 (1962)). In the present case,

24   however, the pendency of three Motions to Dismiss and the corresponding lack of any determination

25   on the merits to date weigh against ordering a mandatory settlement conference at this time.

26                                        **CONCLUSION**

27          For the foregoing reasons, the Court **DENIES** Plaintiffs' Ex Parte Application both with

28   respect to their request for a continuance and their request for the Court to order a mandatory

1 settlement conference.

2        Accordingly, the hearing on the three Motions to Dismiss, as well as the hearing on Plaintiffs'

3 Motion for Sanctions, shall remain scheduled for **January 12, 2010 at 10:30 a.m.**

4        **IT IS SO ORDERED.**

5

6 **DATED:  December 11, 2009**

7                                              **IRMA E. GONZALEZ, Chief Judge**

8                                              **United States District Court**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28